```
         IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF KANSAS
```

**DEJUAN FORD,**

                          **Petitioner,**

            v.                                  CASE NO. 21-3080-JWL

**DONALD HUDSON,**

                          **Respondent.**

## MEMORANDUM AND ORDER

This matter is a petition for habeas corpus filed under 28 U.S.C. § 2241. Petitioner, a prisoner in federal custody, proceeds pro se. He seeks time credits under the First Step Act (FSA) based upon programming he has completed.

### Background

Petitioner entered a guilty plea to Conspiracy to Distribute 280 Grams or More of Cocaine Base and 5 Kilograms or More of Cocaine in the U.S. District Court for the Western District of Missouri. He was sentenced to a term of 120 months to be served concurrently with a Missouri state conviction for drug trafficking, with a five year term of supervised release. His projected release date is July 12, 2022.

### FSA credits

Under the FSA, the Attorney General was charged with the development and release of a Risk and Needs Assessment System ("the System") within 210 days of December 21, 2018, the date on which

the FSA was enacted. 18 U.S.C. § 3632. The FSA requires the BOP to use the System to: (1) determine the recidivism risk and classify each inmate as having a minimum, low, medium, or high risk for recidivism; (2) determine the type of Evidence Based Recidivism Reduction (EBRR) programming appropriate for each inmate; and (3) implement a system of "time credits" and other incentives to encourage inmate participation in the programming. *See id.* at § 3632(a)–(d).

Petitioner was determined to be eligible to earn FSA Earned Time Credits (ETCs) under 18 U.S.C. § 3632(d). He is scored as a Low on the PATTERN Risk Tool. His needs have been assessed in 13 programming areas, with need identified in the areas of work, financial/poverty, and substance abuse. The BOP has identified EBRR programming and activities for each area, and petitioner has completed some assigned programs and activities in the areas identified.

Eligible prisoners can earn ETCs at the rate of 10 days for every 30 days of successful participation in EBRR programs or activities. In addition, a prisoner who maintains a minimum or low PATTERN score over two consecutive assessments can earn an additional 5 days for every 30 days of successful EBRR programs and activities. Under 18 U.S.C. § 3624(g), ETCs can be used when the accumulated credits are equal to the remainder of the prison term.

At the time the response was prepared, petitioner had completed 24 approved hours in the Non-Residential Drug Abuse Treatment Program, but he had not completed any other EBRR programming or

activities that qualify for ETCs under the FSA. (Doc. 3, Attach. 2, Roderick declaration, p.3, par. 8.)

### Discussion

To obtain federal habeas corpus relief, a petitioner must demonstrate that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A § 2241 petition is appropriate when a prisoner challenges the execution of his sentence rather than the validity of his conviction or sentence. *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997).

Respondent seeks the dismissal of this action on two grounds, namely, that petitioner failed to exhaust administrative remedies before filing this action and that the Bureau of Prisons (BOP) has properly calculated his sentence.

### Administrative Remedies

Federal prisoners proceeding under 28 U.S.C. § 2241 must exhaust available administrative remedies. *Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir. 2010)("The exhaustion of available administrative remedies is a prerequisite for § 2241 habeas relief, although we recognize that the statute itself does not expressly contain such a requirement."(citation omitted)). The exhaustion requirement allows the BOP "an opportunity to correct [their] own mistakes… before [they are] hauled into federal court." *Woodford v. Ngo*, 548 U.S. 81, 89 (2006)(quotations omitted). The exhaustion requirement is satisfied when the petitioner "us[es] all steps that the agency holds out." *Id*. at 90. There is a single, narrow exception to the exhaustion requirement. That exception is

available only when a federal inmate can show exhaustion would have been futile. *Garza*, 596 F.3d at 1203.

As a federal prisoner, petitioner has access to a four-part administrative remedy program that is available to address complaints concerning his confinement. *See* 28 C.F.R. Part 542.

Under this program, a prisoner first must seek informal resolution of a complaint by presenting it to institutional staff. If the prisoner is not successful, the next step is to submit an administrative remedy request to the warden of the institution. If the warden's response is not satisfactory, the prisoner may appeal to the regional director of the BOP within twenty days. If the response to the appeal is not satisfactory, the prisoner may appeal to the Director, National Inmate Appeals, in the Office of the General Counsel in Washington, D.C. The process is complete upon the prisoner's receipt of a response at all levels.

The BOP maintains a national electronic database, SENTRY, in which, among other functions, it tracks administrative remedy requests and appeals filed by federal prisoners. This system allows a comprehensive search of grievances filed by a federal prisoner. Petitioner's grievance history shows he has submitted three administrative remedy requests during his incarceration; however, none of them concern time credits under the FSA. (Doc. 3, Attach. 1, Brantley Decl., par. 10, and Ex. B.)

In his traverse, petitioner contends that he is exempt from the exhaustion requirement because his petition turns on a dispute of statutory construction.[1] Despite that statement, petitioner

---

[1] Petitioner relies on *Coleman v. U.S. Parole Comm'n*, 644 F. Appx. 159 (3d Cir. 2016)(stating that "exhaustion is not required with regard to claims which turn only on statutory construction").

seeks relief on a claim that he has completed programming that was not included in the respondent's calculation of his credits (Doc. 6, p. 8). This issue is exactly the sort of fact-based inquiry that should be evaluated by the BOP through the grievance process before it is presented in habeas corpus. *See Jones v. Bock*, 549 U.S. 199, 219 (2007) (stating that "the benefits of exhaustion include allowing a prison to address complaints about the program it administers before being subjected to suit, reducing litigation to the extent complaints are satisfactorily resolved, and improving litigation that does occur by leading to the preparation of a useful record") (citations omitted).

## Conclusion

The court finds the petitioner has not shown that he is entitled to an exemption from the exhaustion requirement and concludes this matter must be dismissed without prejudice due to his failure to exhaust administrative remedies.

IT IS, THEREFORE, BY THE COURT ORDERED that the petition for habeas corpus is dismissed without prejudice for lack of jurisdiction.

**IT IS SO ORDERED.**

DATED: This 1st day of June, 2021, at Kansas City, Kansas.

S/ John W. Lungstrum

JOHN W. LUNGSTRUM
U.S. District Judge